STATE OF WEST VIRGINIA

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* S.S.

**No. 18-0258** (Braxton County 17-JA-40)

## MEMORANDUM DECISION

Petitioner Father F.H., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's February 20, 2018, order terminating his parental and custodial rights to S.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Sneed, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court clearly erred in finding that he could not comply with the conditions of an improvement period and in terminating his parental and custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a petition alleging, in relevant part, that S.S. was an abused and neglected child and that petitioner had abandoned her by his failure to provide necessary food, clothing, shelter, supervision, medical care, or education. In November of 2017, the circuit court held an adjudicatory hearing and heard testimony from two DHHR workers, the mother, and petitioner. After considering the evidence and arguments from counsel, the circuit court found that petitioner abandoned S.S. by his failure to provide her with any monetary support or meaningful contact and adjudicated him as an abusing parent. Petitioner moved for supervised visitation with the child, which was granted.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In December of 2017, the circuit court held a dispositional hearing and petitioner moved for a post-adjudicatory improvement period. A DHHR case worker testified that petitioner did not attend a psychological examination as required nor participate in drug screening. Additionally, the case worker indicated that petitioner was not exercising visitation with the child. The mother testified that petitioner provided no financial support for the child and had not visited the child since Christmas of 2012. Petitioner testified that his last visit was in the winter of 2013 and that he had only seen the child one time before. Further, petitioner testified that he experienced transportation issues which made visitation and participation in services difficult. Petitioner also indicated that he was willing to comply with the terms of an improvement period. Ultimately, the circuit court found that petitioner failed to attend his psychological examination and failed to contact the DHHR about his missed appointment. Moreover, the circuit court found that petitioner was unlikely to comply with the terms and conditions of an improvement period. The circuit court found that petitioner failed to establish that he would be compliant with services and that no less-restrictive alternative existed other than the termination of petitioner's parental and custodial rights. Accordingly, the circuit court terminated petitioner's parental and custodial rights in its February 20, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner first argues that the circuit court clearly erred in finding he was unable to participate in an improvement period and in denying him an improvement period. Petitioner asserts that he had proper housing for the child, sufficient income, and that he was willing to comply with all of the circuit court's conditions for an improvement period. However, upon our review of the record, we find no error in this regard.

[2]According to the parties, the mother is participating in an improvement period. S.S. is in foster placement with a sibling who is not subject to this appeal. S.S.'s permanency plan is either reunification with her mother or adoption in her current foster home.

Petitioner acknowledges that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The circuit court correctly denied petitioner's motion for an improvement period because he did not demonstrate that he was likely to fully participate. During the proceedings, petitioner was ordered to participate in services, such as drug screening and a psychological examination. It is undisputed that petitioner did not participate in either service. Although petitioner testified that he would comply with all terms of an improvement period, he already demonstrated a failure to participate. Additionally, petitioner was granted supervised visitation with the child, but completely failed to exercise that visitation. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n.14, 479 S.E.2d 589, 600, n.14 (1996)(citing *Tiffany Marie S.*, 196 W.Va. at 228 and 237, 470 S.E.2d at 182 and 191; *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Petitioner attempted to excuse himself from services due to transportation issues; however, petitioner offered no evidence that he addressed the alleged lack of transportation with the DHHR or otherwise sought assistance with this issue. This Court has held that "courts are not required to exhaust every speculate possibility of parental improvement[.]" Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980). The circuit court correctly found that petitioner could not comply with the terms of an improvement period because of his lack of prior participation and a lack of any plan to increase participation. Accordingly, we find no error in the circuit court's ruling.

This same evidence supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the child. Further, West Virginia Code § 49-4-604(c) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§]

49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Petitioner demonstrated that he could not comply with the terms of an improvement period. Further, petitioner did not present any evidence that he could remedy the issues on his own. Thus, the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected was based on the evidence presented and was not clearly erroneous. Finally, termination of petitioner's parental rights was necessary as petitioner failed to comply with services and attempt to establish a bond with the child. Therefore, we find petitioner is entitled to no relief.

Lastly, because the parties indicate that the proceedings regarding the mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 20, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.